[719 NYS2d 919]

In the Matter of MICHAEL B. RUDIN, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, February 7, 2001

**APPEARANCES OF COUNSEL**

*Daniel A. Drake,* Rochester, for petitioner.

*John F. Speranza,* Rochester, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 13, 1970, and maintained an office for the practice

of law in Rochester. The Grievance Committee filed a petition charging respondent with acts of professional misconduct arising from his use and maintenance of his attorney trust account. Respondent filed an answer denying material allegations of the petition, and a Referee was appointed to conduct a hearing. Prior to the hearing, the parties executed a stipulation resolving outstanding issues of fact. Respondent submitted to the Referee a statement in lieu of testimony on matters in mitigation.

The Referee filed a report, which the Grievance Committee moves to confirm and respondent cross-moves to disaffirm in part.

The Referee found that respondent used his attorney trust account to pay certain law-office related expenses; that he issued checks drawn on the trust account that were payable to cash; that he disbursed funds from the trust account prior to making corresponding deposits; and that he allowed the balance in the trust account to fall below zero.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—commingling client funds with personal funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain funds of a client in a special account separate from his business or personal accounts; and

DR 9-102 (e) (22 NYCRR 1200.46 [e])—issuing trust account checks made payable to cash rather than to a named payee.

We have considered the matters in mitigation, including the fact that no client suffered a permanent loss as a result of respondent's misconduct. We note, however, that respondent's extensive disciplinary history is an aggravating factor. Accordingly, we conclude that respondent should be suspended for three years and until further order of the Court.

PIGOTT, JR., P. J., GREEN, HAYES, HURLBUTT and LAWTON, JJ., concur.

Order of suspension entered.