[728 NYS2d 599]

In the Matter of JOSEPH M. Cox, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, June 8, 2001

**APPEARANCES OF COUNSEL**

*Roderick Quebral,* Buffalo, for petitioner.

*Joel L. Daniels,* Buffalo, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 11, 1990, and maintains an office for the practice of

law in Buffalo. The Grievance Committee filed a petition charging respondent with acts of professional misconduct arising from the use and maintenance of his attorney trust account, and with other acts of misconduct. Respondent filed an answer denying material allegations of the petition, and a Referee was appointed to conduct a hearing. Prior to the hearing, the parties executed a stipulation resolving outstanding issues of fact. Respondent appeared before this Court and submitted matters in mitigation.

Respondent admits that he accepted cash from a client, which was to be paid to a third party in settlement of a claim, and that he placed the cash in a safe in his office and failed to deposit it into his attorney trust account or keep any record documenting the maintenance of the cash. Further, he admits that he issued checks from his attorney trust account that were dishonored for insufficient funds; that he issued trust account checks for expenses on behalf of clients for which he had no funds on deposit, for nonclient matters and for amounts made payable to himself with no reference regarding the purpose; that the balance in the trust account was consistently less than the amount of his clients' interests; and that he deposited personal funds into the trust account.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3])—withdrawing from employment without refunding promptly an unearned legal fee;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—commingling client funds with personal funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain funds of a client in a special account separate from his business or personal accounts;

DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1])—failing to maintain required records of bank accounts;

DR 9-102 (e) (22 NYCRR 1200.46 [e])—issuing trust account checks made payable to cash rather than to a named payee; and

DR 9-102 (i) (22 NYCRR 1200.46 [i])—failing to produce required bookkeeping records in response to a notice issued by petitioner.

We have considered the matters submitted by respondent in mitigation, including his illness. We note, however, that respondent was previously censured by this Court for similar misconduct and that the censure was imposed shortly before the misconduct that is the subject of the instant charges. Accordingly, we conclude that respondent should be suspended for three years and until further order of the Court (*see, Matter of Rudin*, 280 AD2d 200).

PIGOTT, JR., P. J., WISNER, HURLBUTT, KEHOE and LAWTON, JJ., concur.

Order of suspension entered.